# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER GLENN EMISON**, | Case No. 3:23-cv-1760-JE |
| Petitioner, | **ORDER** |
| v. | |
| **BRYAN BIRKHOLTZ** | |
| Respondent.[1] | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on June 13, 2024. Judge Jelderks recommended that the Court dismiss with prejudice Emison's petition for writ of habeas corpus. Judge Jelderks made this recommendation on the grounds that the Court lacks subject matter jurisdiction over Emison's petition.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

---

[1] At the time that Emison filed his petition, the prison warden at the Federal Correctional Institution in which he was held was Israel Jacquez. FCI Sheridan's current acting warden, Bryan Birkholtz, now is the appropriate defendant.

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Emison brings a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") wrongfully denied him the opportunity to earn First Step Act ("FSA") credits that may have made him eligible for an earlier transfer to a residential reentry center. Specifically, he asserts that the BOP regulation implementing the FSA, 28 C.F.R. § 523.42(a), violates the FSA by limiting beyond the FSA an adult in custody's ability to earn credits under the statute. Judge Jelderks found, however, that the Court does not have the subject matter jurisdiction to resolve this petition on the merits.

Emison timely filed an objection (ECF 20), to which the government responded (ECF 26); Emison and the government then filed a reply (ECF 30) and surresponse (ECF 31), respectively. Emison objects to, among other things, Judge Jelderks's conclusion that the Court

lacks subject matter jurisdiction. Emison raises two arguments in support of this objection. The Court addresses each in turn.

First, citing *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), Emison asserts that he may bring, and the Court may review, his petition brought under § 2241 because it goes to the "conditions of a sentence's execution" as opposed to the "conditions of confinement." But *Pinson* explained that a claim does not fall within the "core" of habeas corpus, and thus is not properly brought as a habeas petition, when success on that claim would not lead to the petitioner's early or immediate release from confinement. *See id.* at 1070; *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) ("*Pinson* solidified the rule that a habeas claim is one challenging the *fact* of confinement, rather than the *conditions* of confinement.") (emphasis added).[2] The *Pinson* court relied on the Supreme Court's holding in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and a Ninth Circuit decision, *Crawford v. Bell*, 599 F.2d 890 (9th Cir. 1979).

In *Preiser*, the Supreme Court explained that a prisoner's claim is at "the core of habeas corpus" if it (1) "goes directly to the constitutionality of [the] physical confinement itself," and (2) "seeks either immediate release from that confinement or the shortening of its duration." 411 U.S. at 489. Further, *Crawford* noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." 599 F.2d at 891. Relying on these cases and a historical exploration of the writ of habeas corpus, the *Pinson* court concluded that "[r]elease is the only available remedy—and thus a claim is at the core of habeas corpus—if a successful petition

---

[2] *Pinson* acknowledged that "the Supreme Court has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus." *See Pinson*, 69 F.4th at 1075 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 144-45 (2017). The Supreme Court and, indeed, the Ninth Circuit, have yet to expand the scope of habeas corpus claims to include claims concerning conditions of confinement.

demonstrates that the *detention itself* is without legal authorization." 69 F.4th at 1070 (emphasis in original).

Here, Emison acknowledges that he already earned the maximum number of FSA earned time credits: 365 days of early release. Emison instead argues that by following its implementing regulation, BOP failed correctly to calculate how early Emison should be *transferred* from custody at FCI-Sheridan to custody at a residential reentry center. But even if the Court were to find that BOP's calculation was incorrect—or that BOP's method of calculating credits violates the FSA—a recalculation would not affect the fact, legality, or duration of Emison's sentence. Emison would remain in BOP custody. *See United States v. Lemoine*, 546 F.3d 1042, 1046 n.2 (9th Cir. 2008) (explaining that "[a]lthough [residential reentry centers] are independently operated, [a resident] remains in federal custody and subject to the BOP's authority). Thus, Emison's habeas petition challenges only the conditions of confinement—not the legality of confinement—and accordingly, falls outside the scope of a habeas petition.

Emison offers *Hernandez v. Campbell*, 204 F.3d 861 (9th Cir. 2000), in support of his position that his claim goes to the "conditions of a sentence's execution" and properly falls within habeas. In *Hernandez*, which predates *Pinson*, the Ninth Circuit stated that § 2241 claims reach "the manner, location, or conditions of a sentence's execution." *Id.* at 865. The *Hernandez* court, however, did not explain what it meant by "manner" or "location," nor did it explain how that holding comports with the Supreme Court's explanation of habeas corpus in *Preiser* or the Ninth Circuit's earlier discussion in *Crawford*. Indeed, the *Pinson* court explained that it was "ultimately unpersuaded that . . . *Hernandez* create[s] an exception to the rule announced in *Crawford* that 'the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.'" 69 F.4th at 1069 (quoting *Crawford*, 599 F.2d at 891). As noted, Emison's

challenge, if successful on the merits, would not result in immediate or even earlier release from confinement. Thus, the Court adheres to the principles in *Pinson*, supported by *Preiser* and *Crawford*.[3]

Second, Emison cites several Ninth Circuit decisions involving challenges to BOP regulations or policies at large, rather than a challenge to BOP's calculation of a particular adult in custody's FSA credits. These cases include *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011), *Close v. Thomas*, 653 F.3d 970 (9th Cir. 2011), *Moore v. Winn*, 698 F. App'x 485 (9th Cir. 2017), and *Rice v. Thompson*, 2021 WL 6103019 (9th Cir. Dec. 22, 2021). The Court finds these cases to be inapposite. Although *Reeb* explained that "judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority," the petitioner in *Reeb* sought consideration for a residential drug abuse program that could have resulted in a one-year reduction in his sentence. *See Reeb*, 636 F.3d at 1225, 1228. The same is true of the petitions in *Close v. Thomas*, 653 F.3d at 973. By contrast, even if the Court were to agree with Emison that the regulation he challenges violates the First Step Act, that finding would not result in an immediate or earlier release from BOP custody. *Cf. Ramirez v. Phillips*, 2023 WL 8878993, at *2 (E.D. Cal. Dec. 22, 2023) (citing *Reeb* and *Close* in holding that the court had subject matter jurisdiction to review a petitioner's § 2241 claim alleging that BOP rescinded his FSA credits because BOP cancelled all 365 days of

---

[3] The Court also does not find persuasive Emison's citations to *Jones v. Hendrix*, 599 U.S. 465, 475 (2023), and *Smith v. Stover*, 2024 WL 3279014 (D. Conn. June 20, 2024). The passage from *Jones* stating that "a prisoner might wish to argue [under § 2241] that he is being detained in a place or manner not authorized by the sentence" appears to be dicta in the context of a larger discussion about the so-called "saving clause" provision in 18 U.S.C. § 2255(e). *Smith* does not clarify whether it involves somebody in Emison's position—who already earned the maximum number of earned time credits for early release—or is seeking early release from custody.

petitioners FSA earned time credits, which prohibited an earlier release). *Rice* is an unpublished case about federal courts' power to review, in the form of a habeas petition, the "execution of [a] restitution award"; it is not a case about the location or conditions of confinement. *See* 2021 WL 6103019, at *1. *Moore* is an unpublished case in which the Ninth Circuit "assum[ed] without deciding that Moore's challenge was properly brought under [§ 2241]" and remanded the case to the district court to determine whether the petitioner's claim was foreclosed by 18 U.S.C. § 3625. 698 F. App'x 485, 485 n.1. In short, this series of cases does not apply to Emison's petition.

Finally, in his notice of supplemental authorities, ECF 32, Emison draws the Court's attention to *Martin v. Phillips*, 2025 WL 732829 (E.D. Cal. Mar. 7, 2025).[4] In *Martin*, the court held that it had subject matter jurisdiction over a § 2241 petition brought by a petitioner who was released to home confinement by BOP under the FSA, only to be placed back in custody several weeks later despite complying with the terms of his release plan. To establish subject matter jurisdiction, the court discussed two Supreme Court cases, *Sandin v. Conner*, 515 U.S. 472 (1995), and *Young v. Harper*, 520 U.S. 143 (1997).

*Sandin* concerned an adult in custody who alleged that prison officials deprived him of procedural due process rights by refusing to allow him to present witnesses during a disciplinary hearing. *See* 515 U.S. at 475-76. The Supreme Court explained that the adult in custody did not have a liberty interest at stake that would entitle him to additional procedural protections because the conditions of segregated confinement did not present a "dramatic departure" from the conditions in general population confinement. *Id.* at 485-86. The *Martin* court distinguished

---

[4] Emison also offers *Kuzmenko v. Phillips*, 2025 WL 779743 (E.D. Cal. Mar. 10, 2025), which concerns a similar factual background and nearly identical legal reasoning. Accordingly, the Court's analysis with respect to *Martin* applies to *Kuzmenko*.

*Sandin* on the grounds that there is a more "significant" difference between home confinement and detention in a custodial setting than between segregated and general confinement. *See* 2025 WL 732829, at *2. The *Martin* court concluded that "although Petitioner's claim here may not ultimately change the length of his custody, success on his argument would lead to his 'earlier release from confinement.'" *Id.* But *Sandin* is not a habeas corpus case. It was in the procedural due process context—not the habeas corpus context—that the Supreme Court discussed the distinction between segregated and general confinement and when a plaintiff may have a liberty interest against transferring from one to the other. Moreover, this Court does not find any support in *Sandin* for the proposition that transfer to a custodial setting with fewer restrictions—*e.g.*, a residential reentry center—constitutes "release from confinement" in the habeas corpus context.

The *Martin* court also relied on *Young v. Harper*, which *is* a habeas corpus case. *See* 520 U.S. at 146. But this case does not address the issue before the Court, either. Instead, *Young* "present[ed] the narrow question [of] whether a program employed by the State of Oklahoma to reduce the overcrowding of its prisons was sufficiently like parole that a person in the program was entitled to the procedural protections" set forth in earlier case law. *Id.* at 144-45. This case examined the attributes of a preparole program as compared to a standard parole program to conclude that a petitioner enrolled in the preparole program was entitled to certain procedural due process rights. *See id.* at 152-53. The Court acknowledges the *Martin* court's observation that "the Supreme Court considered the habeas petition in a matter where the ultimate duration of the custody appeared to remain the same." 2025 WL 732829, at *3. But the Court does not find the absence of a discussion of subject matter jurisdiction to authorize any habeas petition that

does not result in the immediate or early release of a petitioner from confinement.[5] Moreover, as Emison states in his objections, ECF 20, he does not assert a due process claim; he asserts only a violation of a statute, the FSA. Thus, the Supreme Court's discussion in *Young* of the "nature of the interest of the parolee in his continued liberty" depending on where he was confined does not apply to the present case. *See Young*, 520 U.S. at 147 (quotation marks omitted). Therefore, the Court does not find persuasive the *Martin* court's reliance on *Young* to establish subject matter jurisdiction over the petitioner's habeas claim.

In short, in the absence of clear, alternative instructions from the Ninth Circuit, the Court adheres to the Ninth Circuit's most recent theory of habeas corpus as expressed in *Pinson*. Thus, the Court does not have subject matter jurisdiction to review Emison's petition.[6] The Court ADOPTS Judge Jelderks's Findings and Recommendation, ECF 12. The Court DISMISSES with prejudice Emison's petition for writ of habeas corpus, ECF 1, on grounds of subject matter jurisdiction.

**IT IS SO ORDERED**.

DATED this 26th day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[5] To the extent that the Court ought to be reading *Young*—or indeed, any of the cases discussed in this Order—more broadly, an appeal may provide the appropriate opportunity for the Ninth Circuit to clarify how to reconcile this reading with *Preiser* and *Pinson*.

[6] For this reason, the Court does not reach Judge Jelderks's discussion (and the parties' arguments) regarding exhaustion of administrative remedies and the merits.